IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY ARNOLD, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. _____ |
| DIRECTV, LLC and ENHANCED, RECOVERY COMPANY, LLC, | ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

NOW COMES Mary Arnold ("Plaintiff"), by and through her attorneys, Geier Law LLC, on behalf of herself and all others similarly situated, and brings this action against DirecTv, LLC ("DirecTv") and Enhanced Recovery Company, LLC d/b/a ERC and/or Enhanced Resource Center ("ERC"), pursuant to *inter alia* the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA"), and the Florida Consumer Collection Practices Act, §559.55 *et seq.* ("FCCPA") for a finding that Defendants' actions violated federal and state law, for damages, and for other legal and equitable relief, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1337 (commerce and antitrust regulations), 28 U.S.C. §1367 (supplemental jurisdiction) and 15 USC §1681p of the FCRA.

2. Venue is proper in this District because: (a) the acts and transactions occurred here; (b) Plaintiff resides here; and (c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Mary Arnold, is a resident of the State of the Illinois, who resides in this District.

4. Plaintiff has only 2 aliases: Mary Flowers (her maiden name) and Mary Fisher (her name from first husband, who is now deceased).

5. Plaintiff is a "consumer" as defined by §1681a(c) of the FCRA.

6. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7. Plaintiff is a "consumer" as defined by §505/1(e) of the ICFA.

8. Plaintiff is a "debtor" or "consumer" as defined by §559.55(2) of the FCCPA.

9. Defendant, DirecTv, is a California corporation with its principal place of business in the State of California.

10. Defendant DirecTv is authorized to conduct business in the State of Illinois.

11. Defendant DirecTv maintains a registered agent within the State of Illinois.

12. Defendant DirecTv conducts business in the State of Illinois.

13. Defendant DirecTv is a "person" as defined by §1681a(b) of the FCRA.

14. Defendant DirecTv is a "creditor" as defined by §1681m(e)(4) of the FCRA.

15. Defendant DirecTv engages in "trade" or "commerce" as defined by §505/1(f) of the ICFA.

16. Defendant, ERC, is a Delaware corporation with its principal place of business in the State of Florida.

17. Defendant ERC is authorized to conduct business in the State of Illinois.

18. Defendant ERC maintains a registered agent within the State of Illinois.

19. Defendant ERC conducts business in the State of Illinois.

20. Defendant ERC uses instruments of interstate commerce for its principal purpose of business, which is the collection of debt owed to another.

21. Defendant ERC is "debt collector" as defined by §1692a(6) of the FDCPA.

22. Defendant ERC engages in "trade" or "commerce" as defined by §505/1(f) of the ICFA.

23. Defendant ERC is "debt collector" as defined by §559.55(6) of the FCCPA.

## FACTUAL ALLEGATIONS

24. According to its website, "DirecTv is an American direct broadcast satellite service provider and broadcaster based in El Segundo, California. As of July 2015, it is a subsidiary of AT&T."

25. Upon information and belief, a third-party by the name of Mary Rennie ("Rennie") contracted and opened an account with DirecTv for direct broadcast satellite service, the primary purpose of which was for personal, family, or household use (the "Account").

26. Upon information and belief, Rennie obtained service at an address in Washington, Indiana (abbreviated for privacy and identified hereinafter as the "Service Location").

27. Plaintiff is not Rennie, has never been known by the name Rennie, and does not know anyone by the name of Mary Rennie.

28. Plaintiff does not live, and has never lived, at the Service Location.

29. Plaintiff has never contracted with DirecTv for direct broadcast satellite service or anything else.

3

30. Upon information and belief, Rennie incurred an obligation to pay money to DirecTv and became delinquent on the Account (the "Debt").

31. Upon information and belief, in an attempt to collect on the Account, DirecTv performed a "scrub" to locate Rennie and incorrectly began associating Plaintiff as Rennie.

32. DirecTv knew or should have known that Plaintiff is not Rennie and does not live at the Service Location.

33. DirecTv began sending billing statements to Rennie at Plaintiff's address.

34. Despite knowledge that Plaintiff was not Rennie, DirecTv placed the Account for collection with Convergent Outsourcing, Inc. ("Convergent"), a debt collection company, in Plaintiff's name.

35. DirecTv placed the Account with Convergent in a status of "seriously past due" in Plaintiff's name.

36. Upon information and belief, DirecTv placed the account with Convergent knowing that the Account would be reported by Convergent to all major credit bureaus.

37. From February through August 2016, the Account was inaccurately reported by Convergent as "seriously past due" in Plaintiff's name.

38. In or about February 2016, when Plaintiff was attempting to buy a car and was denied credit, she noticed that the Account was appearing on her credit report.

39. In or about March 2016, Plaintiff disputed the Account with all three major credit reporting agencies.

40. In or about April 2016, Plaintiff contacted DirecTv and advised DirecTv that: (1) the alleged debt did not belong to her; (2) she has never had a DirecTv account; (3) her last name

is not "Rennie;" and (4) she has never lived at the address where the alleged DirecTv service was provided.

41. DirecTv refused to listen to the dispute and told Plaintiff that they could not discuss the Account with her if she is not Rennie.

42. Despite receipt of multiple written disputes and supporting documentation, from Plaintiff, Experian and undersigned counsel, DirecTv continues to verify the Account and contact Plaintiff in an attempt to collect on the outstanding balance on the Account.

43. Plaintiff continues to receive letters from DirecTv threatening debt collection and demanding that she provide additional information, refusing to acknowledge the correspondence and documentation that has been sent.

44. DirecTv has failed to investigate or properly respond to the dispute, and has improperly shifted the burden upon Plaintiff to prove that she was a victim of identity theft. As the fraud and theft lies with DirecTv alone, and Plaintiff has no knowledge of anyone other than DirecTv committing fraud, she has no further information to report.

45. Conversely, DirecTv has no documentation in support of the claim that the Account belongs to Plaintiff.

46. In February 2017, despite knowledge of the disputes and attorney representation, DirecTv placed the Account with another debt collection company, Enhanced Recovery Company, LLC ("ERC"), without noting attorney representation, and in a status which allows further reporting.

47. ERC is now contacting Plaintiff directly in an effort to collect on the Account.

48. In correspondence sent by ERC to Plaintiff, ERC falsely states that Plaintiff must again dispute the debt to ERC, despite the fact that the "[A]ccount was previously disputed."

49. Upon information and belief, ERC not only has notice of Plaintiff's dispute, but also of attorney representation and all supporting documentation which proves my client is not the debtor.

50. ERC has no documentation in support of the claim that the Account belongs to Plaintiff.

51. ERC's letter implies that any future dispute will similarly be discounted.

52. Despite knowledge of Plaintiff's prior disputes, and likely subsequent dispute, ERC implies credit reporting can be done at any time, even prior to the expiration of the validation period; and, specifically, threatens that her "<u>delinquent</u> account may be reported to the national credit reporting agencies." (Emphasis added.)

## COUNT I:
## VIOLATION OF THE FCRA - DIRECTV
**Prohibition on Transfer of Debt Caused by Identity Theft, 15 U.S.C. §1681m(f)(1)**

53. Plaintiff adopts and realleges the allegations from ¶¶ 1-51, as though fully set forth herein.

54. The Fair Credit Reporting Act was enacted to insure accuracy and fairness of credit reporting, as "[i]naccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." *See* 15 U.S.C. §1681(a)(1).

55. Pursuant to §1681m(f)(1) of the FCRA, "[n]o person shall sell, transfer for consideration, or place for collection a debt that such person has been notified …has resulted from identity theft."

56. DirecTv obtained false information that the Account on which it was trying to collect belonged to Plaintiff and has falsely identified Plaintiff as Mary "Rennie" Arnold.

6

57. DirecTv has received multiple disputes from Plaintiff that the Account does not belong to her and that she is not Mary "Rennie."

58. DirecTv put the Account in a "Fraud Due to Identity Theft Status" and requested additional information from Plaintiff.

59. Plaintiff has personally and through undersigned counsel provided notice of the dispute, as well as details and documentation in support of the dispute.

60. DirecTv consistently and willfully refused to honor Plaintiff's dispute or reasonably investigate Plaintiff's dispute.

61. Plaintiff, through undersigned counsel, has sent correspondence to DirecTv advising of the basis of the dispute and has provided the requested documentation in support of the dispute on the following dates: November 15, 2016, December 23, 2016 and January 20, 2017.

62. Despite the notice of the dispute and supporting documentation, DirecTv placed the account with collection with and further reporting by ERC.

63. Plaintiff has suffered emotionally, physically and financially due to the inaccurate credit reporting and harassing collection attempts.

64. Defendant DirecTv's willful violation of §1681m(f)(1) of the FCRA renders it liable for actual or statutory damages, punitive damages, costs, and reasonable attorneys' fees. 15 U.S.C. §1681n.

## COUNT II:
## VIOLATION OF THE FCRA - DIRECTV
### Failure to Provide Accurate Information, 15 U.S.C. §1681s-2

65. Plaintiff adopts and realleges the allegations from ¶¶ 1-63, as though fully set forth herein.

66. Pursuant to §1681s-2 of the FCRA, "[a] person who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies…and has furnished to a consumer reporting agency information that the person determines is not complete or accurate . . . . shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

67. Defendant DirecTv has refused to correct its inaccurate records and Plaintiff's prior credit disputes. DirecTv has refused to provide proof of the Account or otherwise respond to requests for verification of the Account.

68. Defendant DirecTv has had reasonable cause to believe that its information is inaccurate and has willfully refused to correct the inaccurate information, allowing continued collection and reporting.

69. Defendant places accounts with ERC knowing the debts will be reported.

70. Plaintiff has suffered emotionally, physically and financially due to the inaccurate credit reporting and harassing collection attempts.

71. Defendant DirecTv's willful violation of §1681s-2 of the FCRA renders it liable for actual or statutory damages, punitive damages, costs, and reasonable attorneys' fees. 15 U.S.C. §1681n.

## COUNT III:
## VIOLATION OF THE FDCPA - ERC
### Contact After Notice of Attorney Representation, §1692b(6)

72. Plaintiff adopts and realleges the allegations from ¶¶ 1-70, as though fully set forth herein.

73. It is the purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using debt collection practices

are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

74. Pursuant to §1692b(6) of the FDCPA, a debt collector may not contact the consumer "after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address."

75. In its correspondence to Plaintiff, ERC confirmed receipt of her prior dispute, indicating it has access to and has reviewed DirecTv's records. DirecTv's records also include 3 letters from Plaintiff's attorney.

76. ERC's communication with Plaintiff, despite knowledge of attorney representation, violates 15 U.S.C. §1692b(6).

77. Plaintiff has suffered emotionally, physically and financially as a result of ERC's harassing collection attempts.

78. Defendant ERC's violation of §1692b(6) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. §1692k.

### COUNT IV:
### VIOLATION OF THE FDCPA - ERC
### False or Misleading Misrepresentations, §1692e(8)

79. Plaintiff adopts and realleges the allegations from ¶¶ 1-77, as though fully set forth herein.

80. Pursuant to §1692e(8) of the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and, specifically, may not "communicat[e] or threaten[] to communicate to any person credit

9

information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed."

81. ERC's threatening statement to Plaintiff that the Account may be reported in her name, violates §1692e(8) of the FDCPA, as ERC also confirmed it had received her prior disputes, which are valid and can be verified. ERC may not report a debt it knows to be inaccurate, or should know is inaccurate. *See* 15 U.S.C. §§1681m(f)(1) and s-2.

82. Moreover, ERC falsely stated that an additional dispute from Plaintiff is needed in order to protect her rights under the FDCPA, despite the fact that it had already received Plaintiff's dispute.

83. ERC's misrepresentations were false, misleading, harassing and deceptive, and in violation of the FDCPA.

84. Plaintiff has suffered emotionally, physically and financially as a result of ERC's false and misleading representations and harassing collection attempts.

85. Defendant ERC's violation of §1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. §1692k.

### COUNT V:
### VIOLATION OF THE FDCPA - ERC
### Overshadowing of Disclosures, §1692g(b)

86. Plaintiff adopts and realleges the allegations from ¶¶ 1-84, as though fully set forth herein.

87. Pursuant to §1692g(b) of the FDCPA, a debt collector's "collection activities and communication during the 30-day [validation] period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt."

88. ERC confirmed in correspondence to Plaintiff that it has already received Plaintiff's dispute.

89. ERC has no documentation in support of the claim that the Account belongs to Plaintiff.

90. Yet ERC's letter implies that any future dispute will similarly be discounted. It states that "an investigation of your dispute has been completed."

91. Despite knowledge of Plaintiff's prior disputes, and likely subsequent dispute, ERC implies credit reporting can be done at any time, even prior to the expiration of the validation period; and, specifically, threatens that <u>her</u> "delinquent account may be reported to the national credit reporting agencies." (Emphasis added.)

92. ERC's statements to Plaintiff overshadow any notice of her rights to dispute and request validation of the Account and violate §1692g(b) of the FDCPA.

93. Plaintiff has suffered emotionally, physically and financially as a result of ERC's false and misleading representations and harassing collection attempts.

94. Defendant ERC's violation of §1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. §1692k.

## COUNT VI:
## VIOLATION OF THE ICFA - DIRECTV
### Unfair and Deceptive Acts and Practices, §505/2

95. Plaintiff adopts and realleges the allegations from ¶¶ 1-93 as though fully set forth herein.

96. The Illinois Consumer Fraud and Deceptive Practices Act declares unlawful a unfair or deceptive acts or practices in the conduct of any trade or commerce affecting the people of Illinois. *See* §§505/1(f) and 2.

97. The aforementioned conduct by DirecTv, including its intentional and willful disregard of Plaintiff's valid disputes, in an effort to collect a debt from a third party, is an unfair and deceptive act.

98. Moreover, DirecTv's failure to have reasonable policies and procedures in place to receive and properly respond to third party disputes of the type alleged is an unfair and deceptive practice.

99. DirecTv intended Plaintiff rely on its correspondence that it refused to accept Plaintiff's dispute, without further documentation, and that it would send the Account out for collection.

100. DirecTv unfairly and deceptively sent the Account out for collection with two (2) collection agencies.

101. DirecTv's unfair, deceptive, and harassing conduct involves trade or commerce in the state of Illinois.

102. Plaintiff has suffered emotionally, physically and financially as a result of DirecTv's inaccurate credit reporting and harassing collection attempts.

103. Defendant DirecTv's willful violation of §505/2 of the ICFA renders it liable for actual, statutory and punitive damages, costs, and reasonable attorneys' fees. §505/10a.

**COUNT VII:**
**VIOLATION OF THE ICFA - ERC**
**Unfair and Deceptive Acts and Practices, §505/2**

104. Plaintiff adopts and realleges the allegations from ¶¶ 1-102, as though fully set forth herein.

105. The aforementioned conduct by ERC, including its intentional and willful disregard of Plaintiff's valid disputes, in an effort to collect a debt from her, as a third party, is an unfair and deceptive act.

106. Moreover, ERC's failure to send correspondence which complies with the FDCPA is an unfair and deceptive practice.

107. ERC intended Plaintiff rely on its correspondence that the Account had already been investigated and the implication that no additional dispute would be honored.

108. ERC's unfair, deceptive, and harassing conduct involves trade or commerce in the state of Illinois.

109. Plaintiff has suffered emotionally, physically and financially as a result of ERC's inaccurate credit reporting and harassing collection attempts.

110. Defendant ERC's willful violation of §505/2 of the ICFA renders it liable for actual, statutory and punitive damages, costs, and reasonable attorneys' fees. §505/10a.

### COUNT VIII:
### VIOLATION OF THE FCCPA - ERC
### False, Misleading, Harassing and Deceptive Conduct, §559.72

111. Plaintiff adopts and realleges the allegations from ¶¶ 1-109 as though fully set forth herein.

112. The Florida Consumer Collection Practices Act supplements the federal FDCPA related to collection practices in Florida. §559.552. "[T]he provision which is more protective of the consumer or debtor shall prevail." *Id.*

113. Pursuant to §559.72(3) of the FCCPA, a debt collector may not "[t]ell a debtor who disputes a consumer debt that she or he or any person employing her or him will disclose to another, orally or in writing, directly or indirectly, information affecting the debtor's reputation

for credit worthiness without also informing the debtor that the existence of the dispute will also be disclosed."

114. ERC's letter to Plaintiff which stated that her dispute had already been investigated and which claimed that "[her] delinquent account may be reported," failed to state that any such credit reporting would include the dispute. In fact, the letter read as a whole suggests that the Account would be reported as valid.

115. Pursuant to §559.72(9) of the FCCPA, a debt collector may not "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

116. As ERC had notice of Plaintiff's dispute and supporting documentation, and had no supporting documentation to validate the Account or contradict the dispute, it knows or should know the debt is not legitimate and that neither ERC nor DirecTv have a right to collect on it from Plaintiff.

117. Pursuant to §559.72(18) of the FCCPA, a debt collector may not "[c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address."

118. In its correspondence to Plaintiff, ERC confirmed receipt of Plaintiff's prior dispute, indicating it has access to and has reviewed DirecTv's records. DirecTv's records also include at least 3 letters from Plaintiff's attorney.

119. ERC's misrepresentations were false, misleading, harassing and deceptive, and in violation of the FCCPA.

120. Plaintiff has suffered emotionally, physically and financially as a result of ERC's inaccurate credit reporting and harassing collection attempts.

121. Defendant ERC's violations of §559.72 of the FCCPA render it liable for actual, statutory and punitive damages, costs, and reasonable attorneys' fees. §559.77.

## CLASS ALLEGATIONS

122. Plaintiff proposes the following class definitions, subject to amendment as appropriate:

Class I: (i) all persons within the United States who (ii) on or after February 22, 2016 and on or before February 22, 2017 (iii) received a letter or phone call from DirecTv (iv) in an attempt to collect a debt (v) in someone else's name or (vi) where DirecTv's records do not show that the person provided the number to DirecTv (for example, where the number was obtained through skip tracing or other type of scrub for information) or (vii) DirecTv received verbal or written notice that DirecTv had reached the wrong person (e.g. put the account in Identity Theft status) and (viii) continued to contact the person or (ix) reported the debt in that person's name.

Class II: (i) all persons within the United States who (ii) on or after February 22, 2016 and on or before February 22, 2017 (iii) received a letter from ERC (iv) in an attempt to collect a debt (v) in that person or someone else's name (vi) where ERC's records reflected a dispute on the Debt from the creditor and (vii) ERC advised the person that they must also submit a written dispute to ERC.

123. Plaintiff does not know the exact number of members in Class I, but based upon DirecTv's service area of 21 U.S. states reasonably believes that class members number in the thousands. Certifying the class will be a more efficient method for handling the numerous claims related to Class I.

124. Plaintiff does not know the exact number of members in Class II, but based upon ERC's use of a form letter which supports the claims reasonably believes that class members number in the hundred. Certifying the class will be a more efficient method for handling the numerous claims related to Class II.

125. Plaintiff and all members of Class I have been harmed by the acts of DirecTv by receiving harassing calls and letters about collection on a debt they do not owe, and then being forced to complete a substantial Identity Theft package if they want the collection action to cease

and/or having a debt they do not owe reported on their credit report, causing damage to their credit scores. A class action is the required method for disposing of the claims related to Class I and ensuring that the class will not continue to suffer from the conduct alleged.

126. Plaintiff and all members of Class II have been harmed by the acts of ERC by receiving harassing letters about collection on a debt they do not owe, and have previously disputed, and then being forced to resubmit a written dispute if they want the collection action to cease and/or avoid having a debt they do not owe reported on their credit. A class action is the required method for disposing of the claims related to Class II and ensuring that the class will not continue to suffer from the conduct alleged.

127. This Class Action Complaint seeks monetary damages and injunctive relief.

128. The joinder of all class members is impracticable due to the size of the classes. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The classes can be identified easily through records maintained by DirecTv and ERC.

129. There are questions of law and fact common to the members of Class I, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

   a) Whether, beginning on February 22, 2016 and until February 22, 2017, DirecTv skiptraced or scrubbed public or private databases to obtain contact information for debtors in an attempt to collect a debt, sent letters or placed calls to those persons identified as debtors, received a verbal or written notice that DirecTv had reached the wrong person, put the account in Identity Theft status, and continued

to contact the person demanding a fraud packet be returned to avoid further collection activity or reported the debt in that person's name;

b) Whether DirecTv's conduct was knowing and/or willful;

c) Whether DirecTv is liable for damages, and the amount of such damages; and

d) Whether DirecTv should be enjoined from engaging in such conduct in the future.

130. There are questions of law and fact common to the members of Class II, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

a) Whether, beginning on February 22, 2016 and until February 22, 2017, ERC sent a letter to a person in an attempt to collect a debt where ERC's records reflected a dispute on the Debt from the creditor and ERC advised the person that they must also submit a written dispute to ERC to avoid further collection activity or having the debt reported in that person's name;

b) Whether DirecTv's conduct was knowing and/or willful;

c) Whether DirecTv is liable for damages, and the amount of such damages; and

d) Whether DirecTv should be enjoined from engaging in such conduct in the future.

131. As a person who received numerous letters related to a debt owed to another, made multiple verbal disputes, and was still contacted about the Debt, Plaintiff asserts claims that are typical of each class member. Plaintiff will fairly and adequately represent and protect the interests of both classes, and she has no interests which are antagonistic to any member of either class.

132. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the FCRA, FDCPA, ICFA and FCCPA.

133. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel DirecTv and ERC to comply with the statutes. The interest of class members in individually controlling the prosecution of separate claims against DirecTv and ERC is small because the statutory damages in an individual action for violation of the statutes are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the conduct at issue is directly related to how an account is designated, which is electronically stored data that can be easily recalled by field or status designation.

134. DirecTv and ERC have acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**JURY DEMAND**

135. Plaintiff, Mary Arnold, demands a trial by jury.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

    a) Find that Defendant DirecTv's conduct violated the FCRA and enter judgment in favor of Plaintiff and each Class Member and against Defendant DirecTv, for actual or statutory damages, punitive damages, costs, and reasonable attorneys' fees, as provided by 15 U.S.C. §1681n;

b) Find that Defendant ERC's conduct violated the FDCPA and enter judgment in favor of Plaintiff and each Class Member and against Defendant ERC for actual and statutory damages, costs, and reasonable attorneys' fees, as provided by 15 U.S.C. §1692k;

c) Find that Defendant DirecTv's conduct violated the ICFA and enter judgment in favor of Plaintiff and each Class Member and against Defendant DirecTv, for actual, statutory and punitive damages, costs, and reasonable attorneys' fees, as provided by 815 ILCS §505/10a of the ICFA;

d) Find that Defendant ERC's conduct violated the ICFA and enter judgment in favor of Plaintiff and each Class Member and against Defendant ERC, for actual, statutory and punitive damages, costs, and reasonable attorneys' fees, as provided by 815 ILCS §505/10a of the ICFA;

e) Find that Defendant ERC's conduct violated the FCCPA and enter judgment in favor of Plaintiff and each Class Member and against Defendant ERC, for actual, statutory and punitive damages, costs, and reasonable attorneys' fees, as provided by §559.77;

f) Grant injunctive relief prohibiting Defendants from engaging in such conduct in the future; and

g) Grant such other relief as the Court deems just and proper.

                                              Respectfully submitted,

                                              */s/ Shannon M. Geier*
                                              Shannon M. Geier

Dated: February 22, 2017

Shannon M. Geier
GEIER LAW LLC
10 S. Riverside Plaza, Suite 875
Chicago, IL 60606
Ph: (312) 994-2301
Fax: (312) 453-0694
sgeier@geierlawfirm.com
www.geierlawfirm.com

Attorney for Plaintiff and the Classes